UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT NELSON,

        Plaintiff,

- against -

METRO FUEL OIL CORPORATION,

---

Civ. No.

**NOTICE OF REMOVAL**

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
    FOR THE SOUTHERN DISTRICT OF NEW YORK

    Pursuant to 28 U.S.C. §§ 1441 and 1446, the defendant, Metro Fuel Oil Corporation, hereby files a Notice of Removal in the above captioned matter from the Supreme Court of the State of New York, County of New York (the "State Action") to the United States District Court for the Southern District of New York.

    In support of the removal, the defendant respectfully states:

    1. On or about October 10, 2007, the plaintiff delivered a Summons and Complaint to the Defendant captioned <u>Robert Nelson v. Metro Fuel Oil Corporation</u>, Index No.: 603229/07 (the "Complaint").

    2. Attached hereto as **Exhibit A** is a true and correct copy of the Summons issued by the Clerk to Metro Fuel Oil Corporation ("Metro"), and a true and correct copy of the Verified Complaint

served by the plaintiff on Metro. The Summons and Verified Complaint constitute all process, pleadings and orders served on Metro in the State Court action.

3. The United States District Court for the Southern District of New York has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this matter involves claims arising under the laws of the United States.

4. As alleged in the Verified Complaint, the plaintiff seeks the imposition of civil penalties and damages associated with Metro's alleged violation of the Fair Credit Reporting Act, codified in 15 U.S.C. § 1681, et seq. as well as analogous state law claims.

5. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been filed within thirty (30) days after service by plaintiff on Metro Fuel Oil Company of its initial pleading and claims for relief.

6. Accordingly based on the above, the defendant is entitled to remove the action to this court pursuant to 28 U.S.C. § 1441(b).

7. Contemporaneous with this filing, Metro has served copies of this Notice of Removal on plaintiff's counsel, and will be serving a true copy of this petition with the Clerk of the Supreme Court of the State of New York, County of New York, as provided by law.

8. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1441(a), in that New York County, where this action was originally filed, is within this judicial district.

WHEREFORE, the defendant, Metro Fuel Oil Corporation, hereby gives notice that this action is removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York for the exercise of jurisdiction over this action, as though this action had originally been instituted in this court.

Dated: October 22, 2007

        CALO AGOSTINO, P.C.
        Attorneys for Defendant
        Metro Fuel Oil Corporation

By: _____
    Anthony F. Valente (AV7813)
    500 Kingsland Avenue
    Brooklyn, New York 11222
    (718) 389-2427
    &amp;
    14 Washington Place
    Hackensack, NJ 07601
    (201) 488-5400

TO: HORING WELIKSON & ROSEN, P.C.
    Niles C. Welikson, Esq.
    Attorney for Plaintiff
    11 Hillside Avenue
    Williston Park, New York 11596

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------X

ROBERT NELSON,

        Plaintiff

-against-

METRO FUEL OIL CORPORATION,

        Defendants

------------------------------------------------------------X

Index No. 603229/07
PURCHASED 10/01/07

**Plaintiff designates New York County as the place of trial**

**The basis of the venue is Plaintiff's Residence**

**Plaintiff resides at 401 Second Avenue New York, New York 10010**

**TO THE ABOVE NAMED DEFENDANTS**

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete iF this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    September 28, 2007

**Defendant's Address:
500 Kingsland Avenue
Brooklyn, New York 11222**

HORING WELIKSON & ROSEN, P.C.
By:

_____
**NILES C. WELIKSON, ESQ.
Attorneys for Plaintiff
11 Hillside Avenue
Williston Park, New York 11596
(516)535-1700**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------X
ROBERT S. NELSON

                              Plaintiff,

- against -

METRO FUEL OIL CORPORATION
                              Defendant.
------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

**PLEASE TAKE NOTICE** that the Plaintiff by his undersigned attorneys Horing Welikson & Rosen, P.C. allege the following, upon information and belief, as and for his Complaint against the Defendant.

1. The Plaintiff, ROBERT S. NELSON (hereinafter referred to as "NELSON") was and at all times hereinafter mentioned and continues to be a resident of the County of New York, State of New York.

2. The Defendant METRO FUEL OIL CORPORATION (hereinafter referred to as "METRO") has at all times hereinafter mentioned maintained its principal offices at 500 Kingsland Avenue, Brooklyn, New York 11222, in the County of Kings, State of New York.

3. METRO is in the business of delivering fuel oil to building premises in the New York Metropolitan area.

4. Nelson Management Group, Ltd. (hereinafter referred to as MANAGEMENT) is and was a Real Estate Management Firm, with its principal office located at 118-35 Queens Boulevard, Forest Hills, New York 11375.

5. At all times hereinafter mentioned NELSON was and continues to be a principal in NELSON MANAGEMENT GROUP, LTD.

6. MANAGEMENT was sued by METRO for payment on invoices of several

building owners, which were clients of MANAGEMENT for fuel oil deliveries.

7. On or about April 4, 2007, NELSON'S consumer credit report was ordered by METRO without NELSON'S permission or authority from the Transunion credit reporting agency for an impermissible purpose in violation of the Federal and New York State Fair Credit Reporting Act.

8. On or about August 23, 2007 Transunion, upon information and belief, "issued" NELSONS' consumer credit report to METRO.

9. All of the business transacted by MANAGEMENT with METRO was solely in the NELSON MANAGEMENT GROUP, LTD name.

10. MANAGEMENT'S business transactions with METRO were all conducted in the capacity of an agent for the building owners it represented.

11. NELSON never conducted any business with METRO in an individual capacity.

12. NELSON first learned of the issuance of his consumer credit report to METRO on or about September, 2007, less than two years prior to the commencement of this action.

13. METRO had no legal or otherwise legitimate need or reason to obtain the consumer credit report of NELSON.

### AS AND FOR A FIRST CAUSE OF ACTION

14. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "13" hereof with the same force and effect as if the same was more fully set forth herein.

15. That based on the unwarranted and unlawful acts by METRO previously

described hereinabove, the defendant violated The Fair Credit Reporting Act, codified in 15 U.S.C.A. § 1681q and codified in Article 25 § 380-o.1 of the New York General Business Law.

16. METRO knowingly and willfully obtained information concerning NELSON from a consumer reporting agency under false pretenses.

17. Therefore Plaintiff is entitled to recover compensatory damages from the Defendant in an amount to be set by the Court after trial, and to be fined the maximum amount permissible under the law.

## AS AND FOR A SECOND CAUSE OF ACTION

18. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "17" hereof with the same force and effect as if the same were more fully set forth herein.

19. That defendant's actions were knowing and deliberate.

20. That defendant's actions were wilful and malicious.

21. That defendant's actions herein violated The Fair Credit Reporting Act, codified both in 15 U.S.C.A §§ 1681 and in Article 25 §380-1 of the New York General Business Law.

22. Therefore Plaintiff is entitled to recover compensatory damages from Defendant in an amount to be set by the Court after trial, and that as a consequence of the foregoing, Plaintiff is entitled to recover punitive damages in an amount of $500,000.00, or in an amount set by this Court and Plaintiff is entitled to recover reasonable attorneys fees as determined by the Court in the event there is a verdict for the Plaintiff in the within case.

## AS AND FOR A THIRD CAUSE OF ACTION

23.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "22" hereof with the same force and effect as if the same were more fully set forth herein.

24.     That the Defendant through its negligent acts and/or omissions obtained NELSON's consumer credit report and thereby violated The Fair Credit Reporting Act codified both in 15 U.S.C.A § 1681.o and Article 25 § 380-m of the New York General Business Law.

25.     That as a consequence of the foregoing, Plaintiff is entitled to recover damages from the defendant in an amount to be set by the trial Court and in the case of a verdict for the Plaintiff, to recover reasonable attorneys fees as determined by the trial Court.

**WHEREFORE,** Plaintiffs demand judgment against Defendant METRO FUEL OIL CORPORATION as follows:

A.     On the First Cause of Action compensatory damages in an amount to be determined by the trial Court and the maximum permissible fine;

B.     On the Second Cause of Action, compensatory damages in an amount to be determined by the trial Court, the maximum permissible fine and punitive damages in the sum of $500,000.00 or such additional sum as the Court may find after trial and reasonable attorneys fees, all together with interest, costs and disbursements;

C     On the Third Cause of Action compensatory damages in an amount to be set by the trial Court, the maximum permissible fine, and in the event of the Plaintiff's verdict, attorneys fees to be set by the trial Court.

Dated:    Williston Park, New York
          September 27, 2007

>           Yours, etc.
>
>           HORING WELIKSON & ROSEN, P.C.
>           Attorneys for Plaintiff
>           NILES C. WELIKSON
>           11 Hillside Avenue
>           Williston Park, New York  11596
>           (516) 535-1700
>
>
>           _____
>           NILES C. WELIKSON

wpdocs/jonna/verifiedcomplaints/mark/robertnelsonv.metrofuel

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------X

ROBERT S. NELSON,

                Plaintiff,

   -against-

METRO FUEL OIL CORPORATION,

                Defendant.

---------------------------------------------------------------X

**VERIFICATION**

**Index No.**

    **NILES C. WELIKSON,** being duly sworn, deposes and says:

    I am a member of the law firm of Horing Welikson & Rosen, P.C., attorneys for the Plaintiff in the above captioned action.

    I have read the annexed Complaint and know the contents thereof and the same are true to my knowledge except to those matters which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.

    My belief as to those matters therein not stated upon personal knowledge is based upon my discussions with and the books and records of the Plaintiff.

    The reason I make this Verification instead of the Plaintiff is that the Plaintiff's principal place of business is in a county other than that in which I maintain my office for the practice of law.

Dated:     Williston Park, New York
            September 28, 2007

                                                      **NILES C. WELIKSON**

C:\office\wpwin\wpdocs\verifca\integrity.ncw

*Index No.*                                    *Year*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

ROBERT S. NELSON,
                              Plaintiff,
        -against-
METRO FUEL OIL CORPORATION,
                              Defendants.

---

### SUMMONS AND VERIFIED COMPLAINT

---

**HORING WELIKSON & ROSEN, P.C.**

*Attorneys for*

**Plaintiff**
11 HILLSIDE AVENUE
WILLISTON PARK, NEW YORK 11596
TEL.: (516) 535-1700

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* ........**September 28, 2007**    Signature: ..............................................

                                          Print Signer's Name: **Niles C. Welikson, Esq.**

---

*Service of a copy of the within*                                              *is hereby admitted.*

*Dated:*

                                          ..............................................
                                          *Attorney(s) for*

---

**PLEASE TAKE NOTICE**

☐ NOTICE OF ENTRY

that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on

☐ NOTICE OF SETTLEMENT

that an Order of which the within is a true copy will be presented for settlement to the
Hon.                                         one of the judges of the within named Court,
at
on                              , at           M.

*Dated:*

**HORING WELIKSON & ROSEN, P.C.**

*Attorneys for*

11 HILLSIDE AVENUE
WILLISTON PARK, NEW YORK 11596